1    JACOB C. GONZALES (SBN 235555)
     jgonzales@weintraub.com
2    DARRELL P. WHITE (SBN 270038)
     dwhite@weintraub.com
3    **weintraub** | **tobin**
4    23 Corporate Plaza Drive, #200
     Newport Beach, California  92660-7901
5    Tel: (949) 760-0204; Fax:  (949) 760-2507
6
7    Attorneys for Defendant
     RAVINDRA KUMAR LAHOTI
8
9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   INTERNATIONAL BRAVO.COM, INC.,          Case No. 8:17-cv-001614-JLS-JDE
13   a Delaware Corporation,
                                             Judge: Hon. Josephine L. Staton
14                 Plaintiff,
                                             **DEFENDANT'S ANSWER TO**
15            v.                             **PLAINTIFF'S FIRST AMENDED**
                                             **COMPLAINT AND**
16                                           **COUNTERCLAIMS FOR:**
17   RAVINDRA KUMAR LAHOTI, an
     individual, et al.,                         (1) **BREACH OF CONTRACT;**
18                                               (2) **QUANTUM MERUIT;**
19                 Defendants.                   (3) **BREACH OF PARTNERSHIP**
                                                     **AGREEMENT;**
20   ─────────────────────────────              (4) **DECLARATORY RELIEF;**
     RAVINDRA KUMAR LAHOTI, an                       **AND**
21   individual,                                 (5) **UNJUST ENRICHMENT**
22                 Counterclaimant,          **DEMAND FOR JURY TRIAL**
23
              v.
24
25   LOUIE LARDAS, an individual,
26
                   Counterdefendant.
27
28

{00033245.DOCX;3}

1   Defendant RAVINDRA KUMAR LAHOTI ("Defendant") hereby responds

2   to and answers the First Amended Complaint ("FAC") filed against him by Plaintiff

3   INTERNATIONAL BRAVO.COM INC.'s ("Plaintiff") in the above-captioned

4   action, and sets forth his affirmative defenses and counterclaims as follows:

5   **INTRODUCTION**

6   1.    In response to Paragraph 1 of the FAC, Defendant denies the

7   allegations therein.

8   2.    In response to Paragraph 2 of the FAC, Defendant states that the

9   allegations therein constitute conclusions of law not warranting a response under

10   the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant

11   denies the remaining allegations therein.

12   3.    In response to Paragraph 3 of the FAC, Defendant states that the

13   allegations therein constitute conclusions of law not warranting a response under

14   the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant

15   denies the remaining allegations therein.

16   4.    In response to Paragraph 4 of the FAC, Defendant admits that the FAC

17   purports to plead various causes of action under California and United States law.

18   Except as expressly admitted, Defendant denies the remaining allegations therein.

19   **PARTIES**

20   5.    In response to Paragraph 5 of the FAC, Defendant is without

21   knowledge or information sufficient to form an understanding as to the truth or

22   falsity of the allegations and, on that basis, denies the allegations therein.

23   6.    In response to Paragraph 6 of the FAC, Defendant admits that he is

24   currently domiciled in Orange County, California.

25   7.    In response to Paragraph 7 of the FAC, Defendant states that the

26   allegations therein constitute conclusions of law not warranting a response under

27   the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant

28

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

weintraub **tobin** chediak coleman grodin
law corporation

denies the remaining allegations therein.

8.    In response to Paragraph 8 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant denies the remaining allegations therein.

## JURISDICTION AND VENUE

9.    In response to Paragraph 9 of the FAC, Defendant admits that this Court has jurisdiction because there is a diversity of citizenship and an amount of controversy greater than $75,000.

10.    In response to Paragraph 10 of the FAC, Defendant admits that this Court has personal jurisdiction over Defendant.

11.    In response to Paragraph 10 of the FAC, Defendant admits that venue is proper.

## GENERAL ALLEGATIONS

12.    In response to Paragraph 12 of the FAC, Defendant denies that Mr. Lardas' license plate read "EZ1 COM", or leaving a note in Plaintiff's mailbox. Defendant admits the remaining factual allegations therein.

13.    In response to Paragraph 13 of the FAC, Defendant admits the factual allegations therein.

14.    In response to Paragraph 14 of the FAC, Defendant admits the allegations therein.

15.    In response to Paragraph 15 of the FAC, Defendant admits the allegations therein.

16.    In response to Paragraph 16 of the FAC, Defendant admits the allegations therein.

17.    In response to Paragraph 17 of the FAC, Defendant admits the allegations therein.

18.    In response to Paragraph 18 of the FAC, Defendant denies the

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

weintraub **tobin** chediak coleman grodin
law corporation

allegations therein.

19.    In response to Paragraph 19 of the FAC, Defendant admits that at Mr. Lardas' request and with what was to be a short-term favor, Mr. Lahoti agreed to help "take care of business" and renew domains in Mr. Lardas' account; after what was to be a couple weeks turned into months, Mr. Lahoti transferred the domains to his own accounts to keep track of those he renewed and protect his credit card information. Except as expressly admitted, Defendant denies the remaining allegations therein.

20.    In response to Paragraph 20 of the FAC, Defendant denies that he transferred domains out of Mr. Lardas' account and into his own accounts without Mr. Lardas' knowledge or authorization. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein.

21.    In response to Paragraph 21 of the FAC, Defendant admits he transferred domains out of Mr. Lardas' account and into his own accounts with Mr. Lardas' knowledge and authorization. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations regarding the dates therein and, on that basis, denies such allegations.

22.    In response to Paragraph 22 of the FAC, Defendant is uncertain as to when Mr. Lardas became aware that Defendant was transferring domains out of Mr. Lardas' account and into his own accounts. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

23.    In response to Paragraph 23 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks

weintraub **tobin** chediak coleman grodin
law corporation

for itself.

24.    In response to Paragraph 24 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

25.    In response to Paragraph 25 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

26.    In response to Paragraph 26 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

27.    In response to Paragraph 27 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

28.    In response to Paragraph 28 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

weintraub **tobin** chediak coleman grodin
law corporation

{00033245.DOCX;3}

**Page -4-**

29.     In response to Paragraph 29 of the FAC, Defendant denies that he engaged in a number of unauthorized acts or intended to convert the domains. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

30.     In response to Paragraph 30 of the FAC, Defendant admits that he was open to "re-tuning" of his sales approach, and asked if Mr. Lardas wanted him to make sales in certain dollar ranges." Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegation that he suggested that he receive a commission and, on that basis, denies such allegations. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

31.     In response to Paragraph 31 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

32.     In response to Paragraph 32 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

33.     In response to Paragraph 33 of the FAC, Defendant admits that the email speaks for itself. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

34.     In response to Paragraph 34 of the FAC, Defendant admits that the emails speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations therein.

weintraub **tobin** chediak coleman grodin
law corporation

35.    In response to Paragraph 35 of the FAC, Defendant admits that the emails speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations therein.

36.    In response to Paragraph 36 of the FAC, Defendant admits that the email speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations therein.

37.    In response to Paragraph 37 of the FAC, Defendant denies that the allegations therein reflect the parties' agreement. Except as expressly admitted, Defendant denies the remaining allegations therein.

38.    In response to Paragraph 38 of the FAC, Defendant denies that he failed to follow through with an arrangement. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

39.    In response to Paragraph 39 of the FAC, Defendant denies that he acted cryptically. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

40.    In response to Paragraph 40 of the FAC, Defendant admits that the email speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations therein.

41.    In response to Paragraph 41 of the FAC, Defendant admits that the email speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations therein.

weintraub **tobin** chediak coleman grodin
law corporation

42.   In response to Paragraph 42 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegation regarding Mr. Lardas' ability to pay and, on that basis, denies such allegation. Defendant admits that he asked Mr. Lardas for a plan to use proceeds from the sale of the domains to repay Defendant, no such plan was provided, and until a plan was provided the domains would not be directed to Mr. Lardas' sale page. Except as expressly admitted, Defendant denies the remaining allegations therein.

43.   In response to Paragraph 43 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations therein and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff. Any such email, to the extent it exists, speaks for itself.

44.   In response to Paragraph 44 of the FAC, Defendant admits the email speaks for itself. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

45.   In response to Paragraph 45 of the FAC, Defendant denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

46.   In response to Paragraph 46 of the FAC, Defendant denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

47.   In response to Paragraph 47 of the FAC, Defendant denies the allegations therein.

48.   In response to Paragraph 48 of the FAC, Defendant admits the email speaks for itself. Defendant denies the remaining allegations therein. Defendant

further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

49.    In response to Paragraph 49 of the FAC, Defendant admits the email speaks for itself. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

50.    In response to Paragraph 50 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations, and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

51.    In response to Paragraph 51 of the FAC, Defendant denies that he acted cryptically. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

52.    In response to Paragraph 52 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

53.    In response to Paragraph 2 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant denies the remaining allegations therein.

54.    In response to Paragraph 54 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant

further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

55.    In response to Paragraph 55 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

56.    In response to Paragraph 56 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

57.    In response to Paragraph 57 of the FAC, Defendant admits that Mr. Lardas told him he could field inquiries regarding the domains, and that the email speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations therein.

58.    In response to Paragraph 58 of the FAC, Defendant denies that he high-balled offers. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

59.    In response to Paragraph 59 of the FAC, Defendant admits that Mr. Lardas promised Defendant a 50% interest in the domains and to split the profits from their sales, and some of these domains were in an account controlled by Defendant. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the

allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

60.   In response to Paragraph 60 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

61.   In response to Paragraph 61 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

62.   In response to Paragraph 62 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

63.   In response to Paragraph 63 of the FAC, Defendant admits the factual allegations therein.

64.   In response to Paragraph 64 of the FAC, Defendant denies the allegations therein.

65.   In response to Paragraph 65 of the FAC, Defendant admits the factual allegations therein.

66.   In response to Paragraph 66 of the FAC, Defendant admits that Mr. Lardas told him he could field inquiries regarding the domains. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

67. In response to Paragraph 67 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

68. In response to Paragraph 68 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

69. In response to Paragraph 69 of the FAC, Defendant denies that he made a false claim or that he was not authorized to transfer the domains. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

70. In response to Paragraph 70 of the FAC, Defendant admits that Mr. Lardas sold the domains Blazed.com and Treatme.com. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein.

71. In response to Paragraph 71 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

72. In response to Paragraph 72 of the FAC, Defendant admits that Mr. Lardas paid him $3,500 from sale of Blazed.com and $4,500 from sale of

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

weintraub **tobin** chediak coleman grodin
law corporation

Treatme.com, and that Mr. Lardas did not pay Defendant any proceeds from the sale of Heygirl.com. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein.

73.     In response to Paragraph 73 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

74.     In response to Paragraph 74 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

75.     In response to Paragraph 75 of the FAC, Defendant denies throwing up hurdles or portraying himself as a victim. Defendant admits the remaining factual allegations therein.

76.     In response to Paragraph 76 of the FAC, Defendant denies holding the domain names hostage or cutting off sales. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

77.     In response to Paragraph 77 of the FAC, the allegation is unintelligible, thus Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

78.     In response to Paragraph 78 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

weintraub **tobin** chediak coleman grodin
law corporation

79.     In response to Paragraph 79 of the FAC, Defendant admits that he asked Mr. Lardas to pay him back. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

80.     In response to Paragraph 80 of the FAC, Defendant admits that he, in-part, transferred domains to his account to maintain a record of the renewal fees he incurred. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

81.     In response to Paragraph 81 of the FAC, Defendant denies making a false claim or playing the victim. Defendant admits the remaining factual allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

82.     In response to Paragraph 82 of the FAC, Defendant denies the allegations therein.

83.     In response to Paragraph 83 of the FAC, Defendant denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

84.     In response to Paragraph 84 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

85.     In response to Paragraph 85 of the FAC, Defendant admits the factual allegations therein.

86.     In response to Paragraph 86 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

87.     In response to Paragraph 87 of the FAC, Defendant denies making a false claim or misrepresentation, or inflating costs. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

88.     In response to Paragraph 88 of the FAC, Defendant denies having a scheme. Defendant admits the parties had expressed their willingness to be partners. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

89.     In response to Paragraph 89 of the FAC, Defendant admits that Mr. Lardas offered Defendant him to be his 50/50 partner in the domains, but did not provide details about the other terms of the partnership. Defendant denies that Mr. Lardas did this in desperation.

90.     In response to Paragraph 90 of the FAC, Defendant admits the factual allegations therein.

91.     In response to Paragraph 91 of the FAC, Defendant admits the factual allegations therein.

92.     In response to Paragraph 92 of the FAC, Defendant admits the factual allegations therein.

93.     In response to Paragraph 93 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

94.     In response to Paragraph 94 of the FAC, Defendant admits the factual allegations therein.

95.     In response to Paragraph 95 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

96.     In response to Paragraph 96 of the FAC, Defendant admits that he, in-part, transferred domains to his account to keep track of the domains he renewed. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the allegations remaining therein.

97.     In response to Paragraph 97 of the FAC, Defendant denies the allegations therein.

98.     In response to Paragraph 98 of the FAC, Defendant denies the allegations therein.

99.     In response to Paragraph 99 of the FAC, Defendant denies the allegations therein.

100.    In response to Paragraph 100 of the FAC, Defendant admits that Mr. Lardas stated the parties had a 50/50 partnership allegations and that defendant was concerned about a deadlock, but denies insinuating anything.

101.    In response to Paragraph 101 of the FAC, Defendant denies the allegations therein.

102.    In response to Paragraph 102 of the FAC, Defendant denies the allegations therein.

103.    In response to Paragraph 103 of the FAC, Defendant denies intending to steal the domains, making a misrepresentation, not acting in good faith, or seeking a controlling interest. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the remaining allegations and, on that basis, denies the allegations remaining therein.

104.    In response to Paragraph 104 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or

weintraub **tobin** chediak coleman grodin
law corporation

falsity of the allegations and, on that basis, denies the allegations therein.

105.   In response to Paragraph 105 of the FAC, Defendant denies the allegations therein.

106.   In response to Paragraph 106 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant denies the remaining allegations therein.

107.   In response to Paragraph 107 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant denies the remaining allegations therein.

108.   In response to Paragraph 108 of the FAC, Defendant denies the allegations therein.

109.   In response to Paragraph 109 of the FAC, Defendant denies the allegations therein.

110.   In response to Paragraph 110 of the FAC, Defendant denies the allegations therein.

111.   In response to Paragraph 111 of the FAC, Defendant admits that Mr. Lardas asked that the domains be placed in a joint account. Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

112.   In response to Paragraph 112 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Except as expressly admitted, Defendant denies the remaining allegations therein.

113.   In response to Paragraph 113 of the FAC, Defendant denies the allegations therein.

114.   In response to Paragraph 114 of the FAC, Defendant denies the allegations therein.

115.   In response to Paragraph 115 of the FAC, Defendant denies the allegations therein.

116.   In response to Paragraph 116 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

117.   In response to Paragraph 117 of the FAC, Defendant denies the allegations therein.

118.   In response to Paragraph 118 of the FAC, Defendant denies the allegations therein.

119.   In response to Paragraph 119 of the FAC, Defendant denies asking the Court to award him Mr. Lardas' entire portfolio of domains by his motion to dismiss. Defendant admits the remaining factual allegations therein.

120.   In response to Paragraph 120 of the FAC, Defendant admits that he was contacted by Mr. Lardas' counsel and there were some settlement discussions. Defendant denies Plaintiff's characterization of the extent of those discussions, and is uncertain as to what is meant by "the same issues persisted" and, on that basis, denies that allegation.

121.   In response to Paragraph 121 of the FAC, Defendant admits the factual allegations therein, but is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegation that "Mr. Lardas could not secure funding for the case" and, on that basis, denies such allegation.

122.   In response to Paragraph 122 of the FAC, Defendant admits the factual allegations therein.

## FIRST CAUSE OF ACTION
## FOR CONVERSION

123.   In response to Paragraph 123 of the FAC, Defendant incorporates his

responses to Paragraphs 1 through 122 as though fully set forth herein.

124.   In response to Paragraph 124 of the FAC, Defendant denies the allegations therein.

125.   In response to Paragraph 125 of the FAC, Defendant admits that Mr. Lardas unilaterally provided Defendant with his username and password for the domain accounts. Defendant denies the remaining allegations therein.

126.   In response to Paragraph 126 of the FAC, Defendant denies the allegations therein.

127.   In response to Paragraph 127 of the FAC, Defendant admits that Mr. Lardas knew about and consented to the transfer of the domains. Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegation regarding Mr. Lardas' expectation and, on that basis, denies such allegation. Defendant denies the remaining allegations therein.

128.   In response to Paragraph 128 of the FAC, Defendant denies that he interfered with Mr. Lardas' domains or that Mr. Lardas was making a good faith effort to repay Defendant the tens of thousands of dollars he paid to renew the domains or the loans Defendant made to him.

129.   In response to Paragraph 129 of the FAC, Defendant admits that Mr. Lardas asked that the domains be placed in a joint account.  Defendant denies the remaining allegations therein. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

130.   In response to Paragraph 130 of the FAC, Defendant denies the allegations therein.

131.   In response to Paragraph 131 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

132.   In response to Paragraph 132 of the FAC, Defendant states that the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**weintraub tobin** chediak coleman grodin
law corporation

allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

133.   In response to Paragraph 133 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

## SECOND CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

134.   In response to Paragraph 134 of the FAC, Defendant incorporates his responses to Paragraphs 1 through 133 as though fully set forth herein.

135.   In response to Paragraph 135 of the FAC, Defendant admits that he and Mr. Lardas were at one-time close friends, and later business partners.

136.   In response to Paragraph 136 of the FAC, Defendant admits that he sent Mr. Lardas an email stating: "[I] was like your brotherly love and brother from another mother…." Defendant denies the remaining allegations.

137.   In response to Paragraph 137 of the FAC, Defendant admits that the email speaks for itself.

138.   In response to Paragraph 138 of the FAC, Defendant denies the allegations therein.

139.   In response to Paragraph 139, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

140.   In response to Paragraph 140 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

141.   In response to Paragraph 141 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

142.   In response to Paragraph 142 of the FAC, Defendant states that the

allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

143.   In response to Paragraph 143 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

144.   In response to Paragraph 144 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

## THIRD CAUSE OF ACTION
## FOR DECLARATORY RELIEF (28 U.S.C. §§ 2201 et seq.)

145.   In response to Paragraph 145 of the FAC, Defendant incorporates his responses to Paragraphs 1 through 144 as though fully set forth herein.

146.   In response to Paragraph 146, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

147.   In response to Paragraph 147 of the FAC, Defendant is without knowledge or information sufficient to form an understanding as to the truth or falsity of the allegations and, on that basis, denies the allegations therein.

148.   In response to Paragraph 148 of the FAC, Defendant admits that Mr. Lardas consented to the transfer of the domains and allowed Defendant to hold the domains as security until Defendant was repaid. Defendant also admits that he asked Mr. Lardas for a plan to use proceeds from the sale of the domains to repay Defendant, no such plan was provided, and until a plan was provided the domains would not be placed in a joint account. Except as so stated, the remaining allegations are denied. Defendant further contends that the allegations contained therein are incomplete and represent a selective interpretation by Plaintiff.

149.   In response to Paragraph 149 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under

weintraub **tobin** chediak coleman grodin
law corporation

the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

150.  In response to Paragraph 150 of the FAC, Defendant denies the allegations therein.

151.  In response to Paragraph 151 of the FAC, Defendant admits the factual allegations therein.

152.  In response to Paragraph 152 of the FAC, Defendant admits the factual allegations therein.

153.  In response to Paragraph 153 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

## FOURTH CAUSE OF ACTION
## FOR BAILMENT

154.  In response to Paragraph 154 of the FAC, Defendant incorporates his responses to Paragraphs 1 through 153 as though fully set forth herein.

155.  In response to Paragraph 155 of the FAC, Defendant denies the allegations therein.

156.  In response to Paragraph 156 of the FAC, Defendant admits that Mr. Lardas unilaterally provided Defendant with his username and password for the domain accounts. Defendant also admits that at Mr. Lardas' request and with what was to be a short-term favor, Mr. Lahoti agreed to help "take care of business" and renew domains in Mr. Lardas' account; after what was to be a couple weeks turned into months, Mr. Lahoti transferred the domains to his own accounts to keep track of those he renewed and protect his credit card information. Except as so stated, Defendant denies the remaining allegations therein.

157.  In response to Paragraph 157 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

158.  In response to Paragraph 158 of the FAC, Defendant states that the

weintraub **tobin** chediak coleman grodin
law corporation

allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

159.   In response to Paragraph 159 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

160.   In response to Paragraph 160 of the FAC, Defendant denies the allegations therein.

161.   In response to Paragraph 161 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

162.   In response to Paragraph 162 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

163.   In response to Paragraph 163 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

164.   In response to Paragraph 164 of the FAC, Defendant states that the allegations therein constitute conclusions of law not warranting a response under the Federal Rules of Civil Procedure. Defendant denies the allegations therein.

## RELIEF REQUESTED

165.   To the extent a response is necessary to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the judgment or relief requested in the FAC, or to any judgment or relief whatsoever.

////

////

////

////

////

weintraub **tobin** chediak coleman grodin
law corporation

## AFFIRMATIVE DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law, and in-part for the purpose of preserving them, Defendant asserts the following affirmative defenses to the FAC, the purported causes of action alleged against him, and the relief sought therein:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

For a first, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, fails to state a claim upon which relief can be granted or fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Pleading Uncertain)

For a second, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is uncertain in that, *inter alia,* it fails to state with reasonable particularity the alleged wrongful acts or omissions on the part of Defendant, or the damages allegedly suffered by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

For a third, separate affirmative defense to the FAC, and to each purported cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred by the applicable statute of limitations.

////

////

////

weintraub **tobin** chediak coleman grodin

law corporation

{00033245.DOCX;3}

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

For a fourth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

For a fifth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

For a sixth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred because Plaintiff has waived and is estopped from asserting the claims alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Excuse)

For a seventh, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred because Defendant's performance of his obligations alleged in the FAC was excused.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification and Good Cause)

For an eighth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred because any and all conduct by Defendant was fully justified and supported by good cause.

weintraub **tobin** chediak coleman grodin
law corporation

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

For a ninth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that he acted in good faith and with the reasonable belief that his actions were lawful at all times and places mentioned in the FAC.

**TENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

For a tenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fail as Plaintiff's claims are barred, in whole or in part, because Mr. Lardas and/or Plaintiff ratified Defendant's alleged conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

For an eleventh, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fail as Plaintiff, by Mr. Lardas and/or its own acts, omissions and other conduct, is barred from any recovery herein against Defendant by the doctrine of consent.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

For a twelfth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fail as Plaintiff is barred from recovery under the doctrine of unjust enrichment.

////

////

weintraub **tobin** chediak coleman grodin
law corporation

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

For a thirteenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fail as Plaintiff is barred, in whole or in part, from any recovery herein under the doctrines of res judicata and collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Full Performance)

For a fourteenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that Plaintiff has no right to assert or maintain any claim against Defendant because Defendant fully performed all obligations to be performed under any agreement allegedly entered between or among the parties, except as prevented or excused by the conduct of Mr. Lardas and/or Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

For a fifteenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fails because Defendant's conduct did not constitute a breach of any duty to Mr. Lardas and/or Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

For an sixteenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that, to the extent that Plaintiff incurred, suffered or sustained any damages, which Defendant denies, such damages were not actually or proximately caused by any act of or omission by Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

weintraub **tobin** chediak coleman grodin
law corporation

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Injury or Harm)

For an seventeenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fails because Plaintiff has not suffered any irreparable injury or harm and will not suffer any irreparable injury or harm as a result of any action or inaction by Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

For a eighteenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that Mr. Lardas and/or Plaintiff did not justifiably rely on any of the alleged representations, conduct, or omissions of Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions)

For a nineteenth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred because Mr. Lardas and/or Plaintiff caused any damages Plaintiff may have suffered by their own acts or omissions, for which they are liable, and no act or omission of Defendant caused, in whole or in part, any such damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Perform)

For a twentieth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every such cause of action, is barred because of Mr. Lardas and/or Plaintiff's failure to perform their obligations to Defendant.

////

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Fraud)

For a twenty-first, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that Plaintiff is barred from obtaining the relief sought in the FAC, or any other relief whatsoever, because of Mr. Lardas' fraud on Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

For a twenty-second, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fail as Plaintiff has failed, refused and neglected to mitigate its alleged damages, if any, and is thereby barred in whole or in part from recovery for such damages which would have been prevented by such reasonable efforts on its part.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

For a twenty-third, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, if any amount is found owing from Defendant to Plaintiff, Plaintiff is required to offset against any such amount, the amounts determined to be owing from Mr. Lardas and/or Plaintiff to Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Speculation)

For a twenty-fourth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that the FAC, and each and every cause of action, fail because the claims allege and damages sought are speculative.

////

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

For a twenty-fifth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that Plaintiff is barred from obtaining the relief sought in the FAC, or any other relief whatsoever, because Plaintiff failed to state a claim for punitive and/or exemplary damages. Without admitting that Defendant acted unlawfully toward Plaintiff, Defendant is informed and believes that if Defendant acted unlawfully toward Plaintiff (which Defendant expressly denies occurred as plead, but merely state for the purpose of this affirmative defense), that such acts were not intentionally directed toward Plaintiff and were not carried out with a conscious disregard for Plaintiff's rights. Defendant's conduct as alleged in the FAC does not constitute oppression, fraud or malice. Additionally, a claim for punitive damages is not assignable. Thus, for these reasons, Plaintiff is not entitled to punitive damages, and the imposition of such excessive damages is barred by the Constitutions of the United States and the State of California.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

For a twenty-sixth, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that Plaintiff is barred from obtaining the relief sought in the FAC, or any other relief whatsoever, because Defendant relied in good faith on communications with Mr. Lardas.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Available Defenses)

For a twenty-seventh, separate affirmative defense to the FAC and each and every cause of action alleged therein as against Defendant, Defendant alleges that Defendant presently has insufficient knowledge or information on which to form a

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

weintraub **tobin** chediak coleman grodin
law corporation

belief as to whether it may have available additional, as yet unstated, affirmative defenses to the FAC. Defendant reserves the right to seek to amend its answer to assert such defenses when and if such new facts or information become available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that doing so would be appropriate.

////

///

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

**weintraub tobin** chediak coleman grodin
law corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

weintraub **tobin** chediak coleman grodin
law corporation

## COUNTERCLAIMS

### (for Breach of Contract, Quantum Meruit, Breach of Partnership Agreement, Declaratory Relief and Unjust Enrichment)

## INTRODUCTION

1.      On October 19, 2012, Defendant and Counterclaimant Ravi Lahoti ("Lahoti") received an email from his one-time friend Counterdefendant Louie Lardas ("Lardas"), saying that Lardas was concerned he might be arrested the next day, and asking Lahoti to do him a favor and pay renewal fees for Lardas' domain names. Willing to help his friend with what was to be a short-term favor, and trusting Lardas to pay him back as promised, Lahoti started paying the renewal fees. However, what was to be a couple of weeks turned into months. Thus, Lahoti transferred the domain names to his own accounts to keep track of those he renewed and protect his credit card information. Lahoti has paid over a hundred thousands of dollars – renewing the domain names for years and making loans to Lardas. Lardas made repeated, unfulfilled promises to pay Lahoti. Lardas eventually promised Lahoti a 50% interest in the domains and that they were partners, and to share the profits evenly from the sale of the domains. Lardas also failed to honor that promise.

2.      This is an action for a declaratory judgment under 28 U.S.C. §§ 220, et seq., breach of contract, quantum meruit, breach of partnership agreement and unjust enrichment.

## PARTIES

3.      Counterclaimant Ravi Lahoti ("Lahoti") is an individual residing in Orange County, California.

4.      Upon information and belief, Counterdefendant Louie Lardas ("Lardas") is an individual domiciled in Clark County, Nevada.

5.      Upon information and belief, Counterdefendant International Bravo.com, Inc. ("IB Inc.") is a Delaware corporation with a place of business in

Delaware.

6.     Upon information and belief, on August 3, 2017, Lardas and IB Inc. (collectively, "Counterdefendants"), entered into an Assignment and Assumption Agreement (the "Assignment Agreement"), whereby Mr. Lardas transferred and assigned to IB Inc. "all of his right, title and interest in" (a) the lawsuit against Defendant entitled Louie Lardas v. Ravindra Kumar Lahoti, Case No. 8:17-cv00690-JLS-JDE, filed in this Court on April 14, 2017 and dismissed on September 5, 2017 (the "Lardas Lawsuit"); (b) all the domain names subject to the Lardas Lawsuit; and (c) all rights to income from the domain names (collectively the "Assigned Assets"). In exchange for this assignment, IB Inc. agreed to assume and perform all obligations, liabilities and commitments arising out of the Assigned Assets (i.e. the domain names).

7.     Upon information and belief, at all times herein mentioned, Counterdefendants, and some of them, were the agents, servants, coconspirators and/or employees of some of the other Counterdefendants, and were acting within the scope of said agency, authority and employment.

## JURISDICTION AND VENUE

8.     The Counterclaims arise out of the same matters and transactions described in the first amended complaint in this action, and this Court has jurisdiction over the matters and transactions that are the subject of these Counterclaims pursuant to Federal Rule of Civil Procedure 13.

9.     This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship and an amount of controversy greater than $75,000.

10.    Upon information and belief, all Defendants reside in and/or are authorized to do business and are doing business in California, have sufficient minimum contacts with California and/or otherwise have purposefully availed themselves of the benefits and protections of California law such that this Court has personal jurisdiction over each Defendant.

weintraub **tobin** chediak coleman grodin
law corporation

11.   Venue is proper in this judicial district under 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

12.   Lardas and Lahoti were friends. They met in 2005, and both made their livings in domain names.

13.   On October 19, 2012, Lardas sent Lahoti an email saying he had court the next day and it was possible he would be arrested. Lardas asked Lahoti for a "favor" and to help "take care of business" by renewing Lardas' "domains", promising to "pay [Lahoti] back every penny":



14.   Without Lahoti asking, Lardas unilaterally sent Lahoti the usernames and passwords for Lardas' domain and business accounts – all set forth in Lardas' October 19 email. Lahoti was under no obligation to pay the renewal fees for the domain names, to safeguard Lardas' passwords or accounts, or to take any action

{00033245.DOCX;3}

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

weintraub **tobin** chediak coleman grodin
law corporation

whatsoever. Nevertheless, Lahoti started paying renewal fees on what was to be a short-term "favor", and on  Lardas' promise to pay him back. Doing so did not obligate Lahoti to continue paying the renewal fees indefinitely, and he could stop paying any time.

15.    However, what was to be a couple of weeks turned into months. Thus, Lahoti informed Lardas he was transferring the domain names to his own accounts to keep track of those he renewed and protect his credit card information. Lardas was aware of the transfers, and agreed that Lahoti could hold the domain names in his accounts until Lardas repaid him.

16.    For years, Lahoti paid tens of thousands of dollars in renewal fees and made multiple loans to Lardas on Lardas' promise that he would pay him back every penny, and in reliance other promises from Lardas, including the following payments:

| PAYMENTS BY LAHOTI | | |
|---|---|---|
| ITEM | DATE | AMOUNT |
| 1. Renewal fees for approximately 1969 domains | Approximately late 2012 through 2016 | $74,428.20 [1969 domains x $9.45 x 4 years] |
| 2. Redemption fees for approximately 200 domains | Approximately Oct.-Nov. 2012 | $10,000.00 [200 x $50.00] |
| 3. Personal loans to Lardas of approximately $5,000, $3,000, $2,100 and $1,000 | Approximately 2012-2014 | $11,100.00 |
| 4. Renewal fees for approximately 404 domains (Enom) | Approximately April 20, 2017 | $4,031.90 [404 x $9.98] |
| 5. Renewal fees for approximately 200 domains (Dynadot) | Approximately April 21, 2017 | $1,650.00 [200 x $8.25] |
| 6. Renewal fees for approximately 136 domains (Enom) | Approximately June 6, 2017 | $1,357.28 [136 x $9.98] |

weintraub tobin chediak coleman grodin
law corporation

| 7. Renewal fees for approximately 176 domains (Enom) | Approximately August 7, 17 and September 16, 2017 | $1,756.48 [176 x $9.98]] |
| 8. Renewal fees for approximately 200 domains (Dynadot) | Approximately June 16, July 20, August 16, 18, 19, 21, 22 and November 14, 2017 | $868.50 [104 x $8.25; 1 x $10.50] |
| TOTAL AMOUNT ADVANCED BY LAHOTI = Approximately **$105,192.36** | | |

17.     In 2015-2016, Lardas paid Lahoti $8,000 from the partial proceeds of two domain name sales, plus the $166.25 through 42 small payments ranging from $0.01 to $70.25 using PayPal. Upon information and belief, Lardas made domain sales during this approximate time period, including selling minty.com, but failed to pay any of the sale proceeds to Lahoti despite his promise to do so.

18.     Eventually, in around 2016, Lardas told Lahoti that they were 50/50 partners in the domain names, and that they would split all the profits. Lahoti agreed, and asked Lardas: "partnership wise, 50% that you suggested to me, how will that work out from the domains/renewals. Who will renew?"

19.     On August 18, 2016, Lardas responded: "We put the domains in one account where we can point, develop, and monetize the domains. The renewals are paid for by sales and traffic. We split the proceeds."

20.     As of that date, Lahoti understood and believed in good faith that he and Lardas were 50/50 partners in the domain names, and acted in reliance thereon, including but not limited to renewing approximately 103 domain names with Enom on September 1 and 2, 2017 and paying $1,127.74 in renewal fees.

21.     Consistent with the parties' agreement to be 50/50 partners in the domains, at paragraph 48 in his complaint filed in the Lardas Lawsuit filed on April 14, 2017, Lardas plainly alleges that he and Lahoti were "business partners." Further, at paragraph 54 in the initial complaint filed in this action on September 15, 2017, IB Inc. alleges that Lardas and Lahoti were "business partners." These express allegations constitute judicial admissions by Counterdefendants of the

weintraub **tobin** chediak coleman grodin
law corporation

partnership agreement with Lahoti regarding the domain names at issue in this action.

22.    On September 3, 2016, Lahoti sent Lardas an email asking him to send a draft agreement reflecting their 50% partnership terms, and stating: "I feel this direction is fair since it reflects my efforts as an investment for a long term benefit as opposed to a short term."

23.    Lardas, however, ultimately reneged on his promise and the parties' partnership agreement. Furthermore, Lardas failed to make any further payments to Lahoti for the tens of thousands of dollars he had advanced and loaned, or was continuing to advance or loan, in connection with the parties' partnership and the domain names.

24.    Rather than honor either of his promises to Lahoti – i.e., (1) to pay him back every penny and (2) that they were 50/50 partners splitting the profits from the domain names – or to cooperate with Lahoti and work toward a consensus, Lardas in concert with IB Inc. initiated legal action against Lahoti claiming damages.

## FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT
### (By Lahoti Against All Counterdefendants)

25.    Lahoti incorporates by reference as though set forth in full each and all of the allegations set forth in Paragraphs 1 through 24 above.

26.    Between 2012 and the present, in connection with the domain names, at the request of Lardas and on the promise that he would be repaid every penny, Lahoti advanced renewal fees on behalf of or loaned money directly to Lardas in an amount exceeding $100,000. Lardas repaid approximately $8,166.25 of the advances and loans. Lardas stopped making payments in approximately February 2016. At all relevant times until approximately November 2016, when Lardas had his counsel contact Lahoti, Lardas assured Lahoti that he would pay him for the advances and loans he had made, and was continuing to make, to Lardas or on his

weintraub **tobin** chediak coleman grodin
law corporation

behalf.

27.    In each instance prior to making an advance on behalf of or loan to Lardas, Lahoti and Lardas entered into an oral agreement that Lardas would reimburse Lahoti for the expense incurred on his behalf or the loan made directly to him. These oral agreements made between Lahoti and Lardas are reflected and confirmed in written communications between them and implied by Lardas' conduct over the course of several years, including repaying various advances and loans.

28.    Each of the oral agreements to advance renewal fees on behalf of or loan money directly to Lardas is a valid, binding and enforceable contract.

29.    Lahoti has performed all of the obligations, covenants and conditions required of him under these agreements, except to the extent any such obligation, covenant, or condition has been excused, prevented or waived by Lardas' acts or omissions.

30.    Lardas has breached each of these oral agreements identified above by failing to pay Lahoti the renewal fees advanced on behalf of or money loaned directly to Lardas, including the amounts set forth above.

31.    Pursuant to the Assignment Agreement, IB Inc. agreed to assume and perform all of Lardas' obligations, liabilities and commitments arising out of the domain names, and, as such, is jointly and severally liable for Lardas' breach of the oral agreements identified above.

32.    Lahoti has been damaged in an amount to be proven at trial, but at least in excess of $97,000 for renewal fees advanced on behalf of or money loaned directly to Lardas which Counterdefendants have failed to pay.

## SECOND CAUSE OF ACTION

## FOR QUANTUM MERUIT – MONEY PAID OR LENT

### (By Lahoti Against All Counterdefendants)

33.    Lahoti incorporates by reference as though set forth in full each and all

{00033245.DOCX;3}

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

weintraub **tobin** chediak coleman grodin
law corporation

of the allegations set forth in Paragraphs 1 through 32 above.

34.    As set forth in detail above, Counterdefendants are indebted to Lahoti in a sum exceeding $97,000 for renewal fees advanced on behalf of or money loaned directly to Lardas. Counterdefendants failed and refused to pay those amounts to Lahoti.

35.    Lahoti has been damaged in an amount to be proven at trial, but at least in excess of $97,000 for renewal fees advanced on behalf of or money loaned directly to Lardas which Counterdefendants have failed to pay plus interest.

### THIRD CAUSE OF ACTION
### FOR BREACH OF PARTNERSHIP AGREEMENT

36.    Lahoti incorporates by reference as though set forth in full each and all of the allegations set forth in Paragraphs 1 through 35 above.

37.    On or about August 18, 2016, Lardas and Lahoti entered into an oral partnership agreement, whereby they agreed, without limitation, to be 50/50 partners in the domain names and to split all the profits.

38.    Lahoti relied on the partnership agreement, including, without limitation, on September 1 and 2, 2017, paying $1,127.74 in renewal fees to Enom for the renewal of approximately 103 domain names.

39.    Lardas has breached the parties' oral partnership agreement identified above by denying Lahoti's 50% interest in the domain names.

40.    Pursuant to the Assignment Agreement, IB Inc. agreed to assume and perform all of Lardas' obligations, liabilities and commitments arising out of the domain names, and as such is jointly and severally liable for Lardas' breach of the oral agreement identified above.

41.    Lahoti has been damaged in an amount to be proven at trial, including without limitation the value of his 50% interest in the domain names at issue in this action.

////

weintraub **tobin** chediak coleman grodin
law corporation

# FOURTH CAUSE OF ACTION
## FOR DECLARATORY RELIEF (28 U.S.C. §§ 2201 et seq.)

42.    Lahoti incorporates by reference as though set forth in full each and all of the allegations set forth in Paragraphs 1 through 41 above.

43.    An actual, justiciable controversy has arisen and now exists between Lahoti and Counterdefendants concerning their respective rights and obligations as to the domain names at issue this action in that Lahoti contends that he has a 50% ownership interest in the domain names in accordance with his partnership agreement with Lardas, and Counterdefendants dispute this contention and maintain that they are the 100% owners of such domain names.

44.    To resolve this actual controversy, Lahoti seeks a declaration and judgment that he is a 50% owner in the domain names at issue in this action.

# FIFTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

45.    Lahoti incorporates by reference as though set forth in full each and all of the allegations set forth in Paragraphs 1 through 44 above.

46.    Lahoti expended substantial time, energy and money on Counterdefendants' behalf concerning the domain names at issue this action, as set forth above, including advancing renewal fees on behalf of and loaning money directly to Lardas in an amount exceeding $100,000. Lahoti has conferred a substantial benefit upon Counterdefendants for which Lahoti has not been paid.

47.    Counterdefendants have been unjustly enriched by their failure to pay Lahoti the renewal fees he advanced and loans he made, and would be unjustly enriched if they were deemed to have 100% ownership of the domain names at issue in this action and did not acknowledge Lahoti's 50% interest therein. It would be inequitable and unjust for Counterdefendants to continue to retain those amounts, benefits, and interests without justly compensating Lahoti.

48.    Lahoti has been damaged in an amount to be proven at trial, and seeks

weintraub **tobin** chediak coleman grodin
law corporation

an award of all benefits that have been conferred on Counterdefendants and by which they have been unjustly enriched, including restitution.

WHEREFORE, Lahoti prays for judgment against Counterdefendants, and each of them, jointly and severally, as follows:

1.     On the First and Second Causes of Action, for general, special and compensatory damages in an amount to be proven at trial of at least $97,000.00;

2.     On the Third Cause of Action, for general, special and compensatory damages in an amount to be proven at trial, including the value of Lahoti's 50% interest in the domain names at issue in this action;

3.     On the Fourth Cause of Action, for a judicial declaration that Lahoti is entitled to a 50% ownership interest in the domain names at issue in this action;

4.     On the Fifth Cause of Action, for general, special and compensatory damages and restitution of all amounts to be proven at trial by which Counterdefendants have been unjustly enriched;

5.     For Lahoti's costs of suit;

6.     For pre-judgment and post-judgment interest;

7.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lahoti demands trial by jury in this action of all issues so triable.

Dated: December 15, 2017          **weintraub | tobin**


By:   /s/*Jacob C. Gonzales*                    .
          Jacob C. Gonzales
          Attorneys for Defendant
          RAVINDRA KUMAR LAHOTI

weintraub **tobin** chediak coleman grodin
law corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

weintraub **tobin** chediak coleman grodin
law corporation

# PROOF OF SERVICE

I am over the age of eighteen years, and not a party to this action; and I am employed in the County of Orange, California, in which county the within mailing occurred.  My business address is 23 Corporate Plaza Drive, #200, Newport Beach, CA 92660.

On **December 15, 2017,** I served a copy of the following documents: **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Persons or parties served:  **See Attached Service List**

[  ]   **(BY EXPRESS SERVICE CARRIER)** I deposited in a box or other facility regularly maintained by OVERNITE EXPRESS/FEDERAL EXPRESS an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

[XX]  **(BY ELECTRONICALLY)** filing the foregoing document with the Clerk of the United States District Court, Central District, using its ECF System, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct. I further declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **December 15, 2017,** at Newport Beach, California.

**/s/ Liz H. Graham**
Liz H. Graham

{00033245.DOCX;3}

PROOF OF SERVICE

## Service List

| | |
|---|---|
| Brett E. Lewis<br>Justin Mercer<br>LEWIS & LIN, LLC<br>45 Main Street, Suite 608<br>Brooklyn, NY 11201<br>Telephone: (718) 243-9323<br>Facsimile: (718) 243-9326<br>Email: brett@iLawco.com<br>      Justin@iLawco.com | **ATTORNEYS FOR PLAINTIFF**<br>(***Pro Hac Vice***) |
| Dylan Ruga (SBN 235969)<br>Ji-In Lee Houck (SBN 280088)<br>STALWART LAW GROUP<br>1100 Glendon Ave., 17th Floor<br>Los Angeles, CA 90024<br>Telephone: (310) 954-2000<br>Email: dylan@stalwartlaw.com<br>      jiin@stalwartlaw.com | **ATTORNEYS FOR PLAINTIFF** |

weintraub **tobin** chediak coleman grodin
law corporation

PROOF OF SERVICE